## POLLOCK v. AIKENS, Circuit Judge.

1.    Under the provisions of Section 5083, Comp. Laws, a party desiring to
have a bill of exceptions settled may pursue one of two methods: First,
after the draft of the bill and the amendments thereto, if any, have
been prepared and duly served, the proposed bill and amendments may
be presented, by the party seeking the settlement, to the judge who
tried the case, upon five days' notice to the adverse party; or, secondly,
the party seeking the settlement may deliver the proposed bill and
amendments to the clerk of the court in which the case was pending
for the judge.

2.    When a draft of a proposed bill of exceptions and the amendments, if
any there be, has been filed with the clerk of the court where the act-
ion was tried, by the party desiring the settlement of the same, this
shows that such party intended that such bill and amendments should
be presented to the judge through the avenue of the clerk's office.

When a clerk has received and filed such papers in his office, they are in his custody, and are papers belonging to the case to which they relate.

3.   In the latter case it is the duty of the clerk to present the bill and amendments to the judge, if he be within the county; if not, upon written notice of the party, it is his duty to forward them to the judge by some safe channel; if not so forwarded, the clerk must deliver them to the judge immediately upon his return.

4.   After a paper which has been properly received and filed by the clerk has been taken from the files of his office with his consent, by an attorney of the court, and a receipt given for the same by such attorney, they are in contemplation of law in the possession of the clerk while absent from his office.   The clerk loses no actual control of them at any time.

5.   A bill of exceptions and amendments having been delivered to the clerk for the judge, the jurisdiction to settle the same continues until it is settled or they are withdrawn by consent of parties, and the clerk's filing endorsement thereon is canceled.   The clerk cannot, by a failure to present the bill and amendments to the judge, nor the judge's delay or failure to settle the same, deprive a party of a legal right to have the bill settled.

Kellam, J., dissenting.

(Syllabus by the Court.   Opinion filed December 9, 1893.)

Action original in this court for a writ of *mandamus* to compel the judge of the second judicial circuit to settle and sign a bill of exceptions.   Writ granted.

The facts are stated in the opinion.

*Crawford & DeLand,* for relator.

*Palmer & Rogde,* for respondent.

BENNETT, P. J.   This is an original proceeding in this court by *mandamus* to compel respondent, as judge of the second judicial circuit of the State of South Dakota, to settle and sign a bill of exceptions in a certain case heretofore pending in said circuit in and for Minnehaha county, in which Edward E. Pollock was plaintiff, and the relator, Ellen Pollock, was defendant.   A final decree in the aforesaid action was made on the 31st day of March, 1892, and duly continued to the 12th

day of April, at which time a stay of proceedings was granted
for 60 days, in order to give the defendant in the action time to
make and serve a notice of intention to move for a new trial,
and to make and serve a draft of a proposed bill of exceptions,
and to have the same settled. From the record it appears, be-
yond dispute, that in the interim between the date of the entry
of the final decree, viz., April 12th to July 29th, there were sev-
eral extensions of time allowed by the court or judge, in which
said bill with the amendments could be presented and proposed
for settlement. Upon notice duly given the plaintiff's attorney
in the aforesaid action, the attorney for the defendant, upon
the 30th day of July, filed a draft of the bill of exceptions as
proposed by him, together with the amendments as proposed
by the attorneys for the plaintiff, in the office of the clerk of
the circuit court of Minnehaha county, the county in which the
action was heard and determined, and the clerk of said court
placed the following indorsement thereon: "Filed for settle-
ment by the judge, by defendant's attorneys, the 30th day of
July, A. D. 1892, at 9:30 A. M. Albion Thorne, Clerk." The
record further shows that a few days afterwards—the date is
not distinctly stated, but before the same was presented to the
judge by the clerk or opposing counsel thereto—the defend-
ant's counsel came and took the papers away, and they were
not returned until the first days of February, 1893, when the
clerk was requested to notify the respondent, as judge, that
the proposed bill and amendments were in his possession, and
to request the said judge to sign an order setting a time and
place for the settling of the same. The record fails to disclose
that the clerk ever complied with the request of defendant's
counsel, or that the respondent had knowledge that a draft of
the bill and amendments was on file in the clerk's office, or that
it was left there for his settlement and signature. The record
further shows that on the 7th day of March, 1893, the bill and
its amendments were presented to the respondent with a re-
quest that it settled and signed, but respondent declined to take

any action whatever in the premises. This application was made at Flandreau, Moody county, S. D., one of the counties comprising the second judicial circuit, of which the respondent was the circuit judge. After the refusal of the respondent to act upon the settlement of the bill, etc., the attorney for the defendant and relator left the papers with the clerk of the circuit court of that county, with instructions to forward them to the said attorney when the respondent had taken action thereon. In July, 1893, the papers were forwarded by that clerk to the clerk of Minnehaha county, but no action whatever has been taken by the respondent in relation to the said bill of exceptions and its proposed amendments. To compel some action by the respondent, the relator asks for a writ of *mandamus.*

The question is, do the facts disclosed in the record entitle the relator to the writ? The provisions of our statute in reference to the settlement of a bill of exceptions taken at a trial are to be found in Section 5083, Comp. Laws, which is as follows: "When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within thirty days after the entry of judgment, if the action were tried by a jury, or after receiving notice of the entry of judgment, if the action were tried without a jury, or such further time as the court in which the action is pending, or a judge thereof, may allow, prepare the draft of a bill and serve the same, or a copy thereof, upon the adverse party. * * * Within twenty days after such service the adverse party may propose amendments thereto and serve the same, or a copy thereof, upon the other party. The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge. When received by the clerk, he must immediately deliver them to the judge, if he be in the county; if he be absent from the county and either party desire the papers to be forwarded to the judge, the clerk must, upon notice in

writing of such party, immediately forward them by mail or other safe channel; if not thus forwarded, the clerk must deliver them to the judge immediately after his return to the county. When received from the clerk, the judge must designate the time at which he will settle the bill, and the clerk must immediately notify the parties of such designation." Under the provisions of the statute, when a party desires to have a bill of exceptions settled, he may pursue one of two methods. First, after the draft of the bill, and the amendments, if any thereto, have been prepared and served by the respective parties within the time prescribed by the statute, or the extensions allowed by the court or judge, the proposed bill and amendments may be presented, by the party seeking the settlement, to the judge who tried the case, upon five days' notice to the adverse party; or, secondly, the party seeking the settlement may deliver the proposed bill and amendments to the clerk of the court in which the case was pending, for the judge. In the latter case it is the duty of the clerk to present the bill and amendments to the judge, if he be within the county; if not, upon written notice of the party, forward them to the judge by some safe channel; if not so forwarded, the clerk must deliver them to the judge immediately after his return. When either course here indicated is pursued, a plain statutory duty is cast upon the judge to settle the bill, and the party appealing has an absolute right to demand its settlement, which can be enforced by *mandamus*; but, when the statute is disregarded by the party seeking to avail himself of its privileges, his right to demand a settlement of the bill becomes conditional, and dependent upon his ability to prove that his negligence is unavoidable or excusable. Whether it is or not is a question to be determined by the jude, acting judicially, upon the evidence, and his decision cannot be controlled by *mandamus* unless his refusal to act involves an abuse of his discretionary powers.

In the case at bar it is conceded that the relator was within the statute up to the 30th day of July, 1893, and had a right to

have her bill settled by the respondent. On that day the record discloses that the relator had the bill and amendments filed with the clerk of the court. This showed that she intended to have it presented to the respondent through the avenue of the clerk's office. It is true, the clerk says that by an under-standing with the attorney of the relator he was not to present them to the judge. This, however, we think, has no bearing upon the question. The clerk had received and filed the papers in his office, and, having done so, his duty in relation in to them was clear under the law, so long as they remained in his custody. But it appears that shortly afterwards (the exact time is not shown) the same attorney who had left them in the clerk's office came and demanded them, and they were surrendered to him by the clerk. The intention of the attorney of the relator to return them was shown by the giving of a receipt. It is not an uncommon occurrence for attorneys to take out of the office of the clerk of the court papers pertaining to actions and proceedings pending before it. It is a great convenience to be allowed to do so, and no reflection of dishonor can be cast upon either for so doing, for when this is done it is well understood that such removal is not a taking from the possession of the clerk, but the possession of the attorney is the possession of the clerk. A paper once filed with the clerk, pertaining to an action then pending, is a part of that action, and all parties interested in the action have a right to know its contents whenever they may wish to do so. These acts upon the part of the attorney for the relator clearly evidenced the fact that he intended to act under the second mode of procedure, as provided in the statute for the settlement of the bill and its amendments, viz., through the channel of the clerk's office. We do not understand that there is anything more for a party to do, or that he can do. From the time the bill is so left in the hands of the clerk until it is presented to the judge by the clerk, the party seeking the settlement has no statutory duty to perform, and for any dereliction

of duty on the part of the clerk in doing so he is not answerable, nor should he be deprived of any right by nonaction on the part of the clerk. The statute says the clerk must immediately deliver the bill, etc., to the judge, if in the county, and, if the judge be absent from the county, must upon written notice forward them by mail or other safe channel; if not thus forwarded, the clerk must deliver them to the judge immediately after his return to the county.

It is attempted to show that the judge was absent from the county at the time the papers were first received from the attorney for the relator, and that he has remained absent ever since, and thereby the clerk did perform all the duty required of him. This may all be true, yet the presumption arising from the fact that there was to be a session of the circuit court over which the judge was to preside, to be held in that county, commencing on the first Tuesday of December, would seem to cast some doubt upon the assumption of this fact. But, be that as it may, the bill and its amendments were constructively, if not actually, in the possession of the clerk, from July 30, 1892, until one of the first days of February, 1893. If at any time during this period they were out of his actual possession, it was by his permission; and, by his taking a receipt for them from the party to whom they were delivered, it clearly showed that the clerk intended to and did keep track of them, so that at any time he could call for them. The absence of the judge, or the removal of the papers from the clerk's office, under all the circumstances of the case, cannot operate to the detriment of the relator, and in our view does not divest the judge of his jurisdiction to act upon them. In all of the proceedings on the part of the relator or her attorneys, from the time of the first extension of time in which to prepare a draft of the proposed bill, she, through her counsel, has done all the law requires her to do to entitle her to a settlement of the bill.

It appears from the petition, and is not denied by the respondent in his answer, that on March 7th the counsel for rela-

tor caused said bill and amendments to be forwarded to the respondent at Flandreau, within his circuit, and then and there called his attention to the same, and requested him to settle or fix a time and place for the settlement of the same. This the respondent declined to do, giving, as a reason for such refusal to act, that he had no jurisdiction over the matter. We are of the opinion that the respondent took an erroneous view as to his jurisdiction over the proceedings to settle the bill. The bill and amendments having been duly delivered to the clerk for the judge, the jurisdiction of the judge to settle the same continues until it is settled or is withdrawn by the consent of the parties, and the clerk's endorsement thereon canceled. The clerk cannot, by a failure to present the bill and amendments to the judge, nor the judge's delay or failure to settle the same, deprive the relator of her legal right to have the bill settled. The respondent was evidently of the opinion that a further order extending the time to settle the bill was necessary to continue his jurisdiction over the same; but, in our view of the statute, no such order was necessary after the bill and amendments were delivered to the clerk for the judge. That act being done within time, the jurisdiction of the judge continued without further order. Mere delay in presenting the bill and amendments to the judge by the clerk, or the omission of counsel for relator to request the clerk in writing to forward the same to the judge, did not operate to divest the judge of his jurisdiction over the settlement of the bill. Such delay should, we think, be presumed to be with the consent of both parties, as either party is authorized by the statute to take the necessary steps to secure a prompt settlement of the bill. We are of the opinion that the facts disclosed by the record justify this court in assuming that since July 3, 1892, the bill of exceptions and amendments have at all times been legally in the possession of the clerk of the court, and consequently that the jurisdiction of the judge over the same has been continued; that he has now jurisdiction to settle the same, and that the

relator has a legal right to have the same settled. It is therefore ordered that the writ of mandamus issue as prayed for.

KELLAM, J., *(dissenting.)* Accepting the allegations of the petition as true, I think the writ ought not to issue. I entirely agree with the theory of the opinion that the counsel of the relator might have pursued either one of two methods of procedure for the settlement of the bill. Section 5083 seems very plain, and I will presume that they had consistently pursued the second method up to the 8th day of February, 1893. They had then done all that was required of them, and might rely upon the clerk and judge each performing his further duty under such statute. The delay of either to act would not effect the relator's right to have the bill settled by that method, so long as they allowed that procedure to take its course. But the bill and amendments being still in the hands of the clerk for the judge, relator's counsel could not resume control of them, and proceed by notice under the first method, without thereby abandoning their proceeding under the second method. They could not avail themselves of both methods at the same time. They are not co-operative. In the petition it is affirmatively and distinctively alleged that on the said 8th day of February relator's counsel served notice on the adverse party that they themselves would present the bill to the judge for settlement at a time named, and in a county other than that of the clerk to whom the papers had originally been delivered. This is just what they might do in pursuance of the first method, but what they could not do under the second, and which was entirely inconsistent therewith. When they gave such notice they clearly abandoned their proceeding under the second method. In the opinion it is said that on the 7th of March the bill and amendments were presented to the judge with a request that it be settled and signed, which he declined to do; but the relator's petition, which is the foundation upon which the writ must issue, clearly states how the bill came to be then and there presented. It was not through its delivery to the

clerk for the judge, but under a five days' notice of the time and place, given by relator's counsel to the adverse party. 'It is true, there is a dispute as to this fact, the petition affirming, and a counter affidavit denying, that' such notice was given. But the petition states the facts upon which the relator bases his right to the writ. It must set forth a state of facts which under the law clearly imposes the duty, the performance of which is sought to be compelled. It is like a complaint. It must show a *prima facie* case. It must set forth a cause of action. If it do not, she cannot, under it, claim the relief which other facts might entitle her to. ' If the statements or allegations of the petition are in any respect against her, why are they not, to such extent, admissions of record, and conclusive against her? It is very evident from all the papers that, so far as the matter of the settlment of this bill was brought to the attention of the judge at all, it was his understanding that it was by virtue of relator's notice to the adverse party, for he declined to act on the ground that the bill was not presented in time. He could not, and presumably would not, have made this objection if he had received them from the clerk, for his action under the second plan of procedure, as prescribed in said Section 5083, for under that position his duty would have been plain, and the question of time would not have been involved. Right in line with this thought, explaining, and, as it seems to me, fully justifying, the nonaction by the judge, which is made the ground for the issuance of this writ, is the statement of the opinion that it does not appear that the clerk ever presented the proposed bill and amendments to the judge, or that he had any knowledge that they had been so delivered to the clerk. His duty to take the first step toward settling the bill commenced only 'when received from the clerk.' How, then, does it appear that he is refusing to discharge a duty imposed by law upon him? I think we ought not to require the judge to settle the bill by virtue of the proceedings under the second of of these statutory methods, for such proceedings were aban-

doned before any duty of the judge attached, and for the further reason that it does not appear that the conditions have ever been fulfilled, which under the statute require any action on his part, under said second procedure; nor ought we to require it on account of the notice of relator's attorneys to the adverse party, for such notice was confessedly not in time.